### In re ISHEAR.

(District Court, S. D. Florida. October 30, 1926.)

No. 3009.

1. **Bankruptcy** ⟨⇒⟩407(2)—**That bankrupt did not have business or domicile within jurisdiction is not ground for objection to discharge (Bankruptcy Act, § 14 [Comp. St. § 9598]).**

Specification of objection, denying bankrupt had principal place of business, residence, or domicile within jurisdiction for six months before petition, *held* not one of grounds for refusing discharge under Bankruptcy Act, § 14 (Comp. St. § 9598), and must be litigated directly in bankruptcy proceedings.

2. **Bankruptcy** ⟨⇒⟩413(4)—**Specification of objection to discharge because of perjury on examination must set out offense strictly.**

Specification of objection to discharge must set out alleged offense of perjury on examination in bankruptcy proceedings with much the same strictness as if prosecution was pending for offense.

3. **Bankruptcy** ⟨⇒⟩413(3)—**Specification of objection to discharge should be verified by objecting creditor, if possible, and, if not, by one duly authorized.**

Specification of objection to discharge must be verified by objecting creditor, unless impos-

sible under circumstances, in which event one duly authorized and cognizant of circumstances may verify them.

In Bankruptcy. In the matter of Joseph Ishear, bankrupt. On motion of bankrupt to strike certain specifications of objection to discharge. Motion granted, with leave to objecting creditor to file amended specifications.

Frank Steinberg and C. L. Brown, both of Miami, Fla., for bankrupt.

McCay & Holcomb, of Miami, Fla., for creditors.

CALL, District Judge. This cause comes on for a hearing upon the motion of the bankrupt to strike certain specifications of objection to his discharge and the same was submitted on briefs. The specifications are three. The first was evidently intended to specify the second ground set out in section 14b of the act (Comp. St. § 9598). While the ground could have been very much more succinctly stated, still I think it sufficiently states the ground.

[1] The second undertakes to deny that the bankrupt had his principal place of business, residence, or domicile in this jurisdiction for the greater portion of six months before filing his petition in bankruptcy. This is not one of the six grounds set out in section 14 for refusing a discharge, and is a matter to be litigated directly in the bankruptcy proceedings. The adjudication cannot be attacked thus collaterally, the record showing the jurisdiction of the court, and has no place in the proceedings seeking a discharge.

[2] The third ground evidently was intended to charge the commission of an offense punishable by imprisonment under the Bankruptcy Act, by committing perjury on his examination. This last specification does not measure up to the requirements of the law in stating such a ground. The rule, as I understand, requires almost the same strictness in setting out specifications of objections to a discharge under the first ground as if a prosecution was pending for the offense. It is my conclusion that the second and third specifications are not sufficient.

[3] I have considered the merits of the specifications, because the objecting creditor indicates a desire to amend her specifications of objection. One of the grounds of the motion to strike is that the specifications are not verified. It is true the official form does not contain a form of verification; but it is equally true that the Circuit Court of Appeals of this Circuit has decided that specifications of objection, being pleadings, must be verified, and this should be done by the objecting creditor unless, owing to circumstances, such as absence, lack of knowledge of the circumstances upon which the objection is based, etc., this cannot be done, and in that event one duly authorized and cognizant of the circumstances may verify the specifications. The better practice, as I understand it, is for the party, other than objecting creditor verifying specifications, to state why he verifies them and his authority to do so.

This ground of the motion to dismiss is well taken as to all the specifications of objection, and will be sustained, and the motion granted, with leave to the objecting creditor to file amended first and third specifications of objection within 20 days. It will be so ordered.